**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. SA CV 11-1261-DOC(RNBx) | Date: January 20, 2012 |
| Title: MDT TEK, LLC -V- STAFFCHEX, INC., ET AL. | |

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND (2) DENYING MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendant Staffchex, Inc.'s ("Staffchex" or "Defendant") motion to dismiss the complaint and strike portions of the complaint, or in the alternative, for a more definite statement (the "Motion"). (*See* Dkt. Nos. 7-10).

The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion. The Court grants Defendant's unopposed request for judicial notice.

**I.     BACKGROUND**

Plaintiff MDT TEK, LLC dba iLabor Network ("Plaintiff" or "iLabor") provides temporary personnel for various short-term or permanent staffing needs through its iLabor network. (Compl. ¶ 6.) Plaintiff alleges that on July 26, 2010, it entered into a network services agreement with Staffchex to use the iLabor network to find and select third-party temporary staffing vendors, and fulfill orders for temporary personnel. (*Id.* ¶ 7.) Pursuant to the agreement, Staffchex would pay iLabor a weekly fee of $2,885.00 for 104 weeks (i.e., two years). (*Id.* ¶ 8.) Between July 26, 2010 and May 24, 2011, Staffchex paid iLabor $38,000 in accordance with the agreement. (*Id.* ¶ 9.) After May 24, 2011,

Staffcheck failed to make any further payments. On June 20, 2011, iLabor sent Staffchex a demand for payment. (*Id.* ¶ 12.) iLabor alleges $262,040 remains outstanding under the agreement. (*Id.* ¶ 13.) After Staffchex failed to pay this amount, iLabor brought this breach of contract suit, alleging claims for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) declaratory relief. Pursuant to a choice of law provision in the agreement, iLabor argues that Pennsylvania law applies. (*Id.* ¶ 14.)

### III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

### III. DISCUSSION

**A. Choice of Law**

As an initial matter, the Court considers what substantive law to apply in analyzing whether Plaintiff has sufficiently pleaded its claims. Plaintiff argues that Pennsylvania substantive law applies because the contract in question contains a Pennsylvania choice of law provision. Defendant asks the Court to strike this provision from the complaint on the ground that the parties never entered the contract in question, thus, they did not agree on Pennsylvania law.

Because Plaintiff raises a breach of contract claim premised on a contract containing a choice of law provision, a choice of law analysis is required. Defendant cannot avoid this result by

arguing that Plaintiff failed to state a claim because there was no contract. The Court cannot determine if Plaintiff's claims are sufficient until it knows what law to apply to the purported contract.

Because this case was brought in California under the Court's diversity jurisdiction, California's choice of law rules apply to determine whether California or Pennsylvania law applies. *See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010) (where agreement contained Texas choice of law provision, federal court sitting in California analyzed whether to apply California or Texas law). *See also Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) (holding that federal courts sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law).

The parties' choice of law provision will govern and Pennsylvania law applies "unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws . . . dictates a different result." *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (per curiam). The Restatement test requires that the Court ask "whether the chosen state has a substantial relationship to the parties or their transaction, . . . or whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992). If the answer to either question is yes, the Court asks "whether the chosen state's law is contrary to a fundamental policy of California." *Id.* If the law is contrary, the Court asks "whether California has a 'materially greater interest than the chosen state in the determination of the particular issue.'" *Id.* (quoting Restatement (Second) of Conflict of Laws § 187, subd. (2)). If California has a materially greater interest, California law applies despite the parties' choice of law provision.

Plaintiff's principal place of business is Pennsylvania. This is sufficient for the Court to conclude that Pennsylvania has a substantial relationship with at least one of the parties. Neither party explains where the transaction took place, however that is not determinative. Plaintiff's place of business leads the Court to ask whether Pennsylvania's law is contrary to a fundamental policy of California. Breach of contract law in Pennsylvania is not contrary to a fundamental California policy. As Plaintiff points out, the elements of a breach of contract claim in both states are nearly identical, except California requires one extra element – showing a plaintiff's performance or excused nonperformance. (Opp'n at 6 n.3 (citing *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).) The similarity of breach of contract law in both states suggests there is no material conflict. Thus, Pennsylvania law applies.

### B. Breach of Contract

In Pennsylvania, to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, including the essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages. *Clairton Slag, Inc. v. Dept. of Gen. Servs.*, 2 A.3d 765 (Pa. Commw. Ct. 2010).

Plaintiff's complaint sufficiently pleads these elements. Plaintiff alleges the existence of a contract. (Compl. ¶ 7.) The essential terms are referenced in the body of the complaint and a copy of the purported contract is attached to the complaint as an exhibit, setting forth the essential terms. (*See, e.g., id.* ¶¶ 7-9.) Plaintiff claims that Defendant breached its contractual duty to make weekly payments in conjunction with Defendant's use of the iLabor staffing system. (*Id.* ¶ 17.) Plaintiff also alleges damages in the amount of Defendant's nonpayment of the transfer business fees due under the contract. (*Id.* ¶¶ 13, 19.)

The Court finds Defendant's reference to the Delaware bankruptcy proceedings, which considered an agreement between Defendant and Plaintiff's predecessor entities, irrelevant to the question of whether Plaintiff has stated a claim for breach of contract. The Court cannot say as a matter of law that the bankruptcy court's finding regarding an earlier contract between different parties means that Plaintiff cannot state a breach of contract claim based on a different alleged agreement. Accordingly, Defendant's motion is denied as to this claim.

### C. Breach of the Covenant of Good Faith & Fair Dealing

In Pennsylvania, "a breach of the covenant of good faith is nothing more than a breach of contract claim and . . . separate causes of action cannot be maintained for each, even in the alternative." *Philips Bros. Elec. Contractors Inc. v. School Dist. of Philadelphia*, No. 3105, 2008 WL 2772564, at *1 (Pa. Com. Pl. Apr. 9, 2008) (internal quotations omitted). *See also LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391 (Pa. Super. 2008) ("This court finds that Pennsylvania law would not recognize a claim for breach of [a] covenant of good faith and fair dealing as an independent cause of action separate from the breach of contract claim since the actions forming the basis of the breach of contract claim are essentially the same as the actions forming the basis of the bad faith claim.").

Because this claim may not be maintained under Pennsylvania law, it is dismissed with prejudice.

### D. Declaratory Relief

The purpose of the Declaratory Judgments Act "is to settle and afford relief to any person from uncertainty and insecurity with respect to rights, status and legal relations affected by a statute." *Chester Upland Sch. Dist. v. Cmwlth.*, 495 A.2d 981, 983 (Pa. Cmwlth. 1985). To bring an action, the plaintiff's interest "must be a direct, substantial and present interest, as contrasted with a remote or speculative interest." *Independence Blue Cross v. Pa. Ins. Dep't*, 802 A.2d 715, 719 (Pa. Cmwlth. 2002). A justiciable controversy is a prerequisite to declaratory relief. *Madden v. Nat'l Ass'n of Basketball Referees*, 518 A.2d 853, 854 (Pa. Super. 1986).

Defendant argues that because there is no contract, Plaintiff may not seek declaratory relief regarding the parties' rights under the nonexistent contract. Because the Court finds that Plaintiff sufficiently alleged a breach of contract claim, the Court rejects this argument.

Plaintiff alleges a justiciable controversy, as discussed above with respect to the breach of contract claim. Plaintiff's interest is not remote or speculative because the alleged breach and damages have already occurred.

### E. Motion to Strike and for More Definite Statement

Under Rule 12(f), a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Where a party moves to strike a prayer for damages on the basis that the damages sought are precluded as a matter of law, the request is more appropriately examined as a motion to dismiss. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

For the reasons discussed in the Choice of Law section above, Defendant's motion to strike the choice of law allegation in ¶ 14 of the Complaint is denied. Defendant has not shown that this allegation is redundant, immaterial, impertinent, or scandalous. To the contrary, the Court finds it relevant to determination of the choice of law issue.

In addition, Defendant has not shown that Plaintiff's request for interest at 10% should be stricken. The issue of whether the "Limitations on Liability" provision of the purported contract extends to a request for interest is not a proper inquiry for a motion to strike. That provision states that no special damages are available. Defendant does not cite any legal authority for the proposition that interest is a form of special, punitive, or exemplary damages. This issue may be resolved at a later stage of the proceeding and the Court declines to strike the request for interest at this point. *See Whittlestone*, 618 F.3d at 974-75.

The alternative request for a more definite statement is also denied. The pleading is not "so vague or ambiguous" that Defendant cannot respond. Fed. R. Civ. P. 12(e).

V.   **DISPOSITION**

For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss. The breach of covenant of good faith and fair dealing claim is dismissed with prejudice. The Motion to Dismiss is denied as to the other claims. The Motion to Strike and the alternative request for a more definite statement are also DENIED.

The Clerk shall serve this minute order on all parties to the action.