## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### <u>CIVIL MINUTES – GENERAL</u>

O

Case No. SACV 11-1261 DOC(RNBx)                Date:  June 29, 2012

Title: <u>MDT TEK, LLC V. STAFFCHEX, INC. ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                        <u>      N/A      </u>
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

       None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER DENYING DEFENDANTS'
                              MOTION TO DISMISS THE SECOND
                              AND THIRD CAUSES OF ACTION
                              AND/OR TO STRIKE PORTIONS OF THE
                              FIRST AMENDED COMPLAINT**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Ruben

Garza, StaffChex, Inc., and StaffChex Servicing LLC (hereinafter, collectively referred to

as "Defendants").  Mot.  (Dkt. 15).  The Court finds this matter appropriate for decision

without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15.  After considering the

moving, opposing, and replying papers, the Court hereby DENIES Defendants' Motion to

Dismiss.


**I.     Background**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 2

---

The facts alleged by MDT Tek, LLC ("Plaintiff") are as follows:

### a.  The Parties

Plaintiff operates the iLabor Network, which allows Plaintiff's clients to request and supply third-party employees according to other clients' temporary personnel needs. Plaintiff is a limited liability company organized under Pennsylvania law with its principal place of business in Pennsylvania.  First Am. Cmpl.  ("FAC") ¶ 7.

Defendant Ruben Garza ("Garza") is the owner and Chief Executive Officer of StaffChex Servicing LLC ("StaffChex Servicing") and StaffChex, Inc.  FAC ¶ 40. Defendant StaffChex, Inc., is incorporated under California law with its principal place of business in Orange, CA.  *Id.* at ¶ 2.  Defendant StaffChex Servicing is a limited liability company organized under California law with its principal place of business in Orange, CA.  *Id.* at ¶ 3.

### b.  Defendant StaffChex's Certificate of Cancellation

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 3

---

On February 23, 2010, unknown to Plaintiff, Defendant StaffChex Servicing filed

a certificate of cancellation with the State of California that was signed by Defendant

Garza.  FAC ¶ 8; FAC Ex. A.

### c.  The iLabor Network Service Agreement

On July 26, 2010, Defendant Garza, on behalf of Defendant StaffChex Servicing

and Defendant StaffChex, Inc., entered into the iLabor Network Service Agreement

("Agreement") with Plaintiff.  FAC ¶ 9; FAC Ex. B.  The Agreement allowed Defendants

StaffChex Servicing and StaffChex, Inc., to access Plaintiff's iLabor Network to request

and employ third-party personnel for temporary employment.  *Id.*  According to the

Agreement, Defendant StaffChex Servicing and Defendant StaffChex, Inc., agreed to pay

$2,885 per week for 104 weeks as payment for use of the iLabor Network.  FAC ¶ 10;

FAC Ex. B.

### d.  Breach of the Agreement

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 4

---

Between July 26, 2010 and May 24, 2011, Defendant StaffChex Servicing and

StaffChex, Inc., paid Plaintiff $38,000.  FAC ¶ 11.  After May 24, 2011, Defendants

StaffChex Servicing and StaffChex, Inc., failed to make any weekly payments.  *Id.* at ¶

12.  On June 20, 2011, Plaintiff sent a final demand for payment addressed to Defendant

StaffChex, Inc. FAC ¶ 14; FAC Ex. C.


According to the Agreement, if payments remain uncured for over seven business

days, Plaintiff can demand the entire remaining payment immediately.  FAC ¶ 13; FAC

Ex. B.  In this case, the remaining payment was $262,040 in total.  FAC ¶ 15.


    **e.  Operative Pleadings**


Plaintiff brings causes of action for (1) breach of contract, (2) fraud, (3) piercing

the corporate veil, and (4) declaratory relief.  FAC at 9.  Plaintiff seeks damages in the

amount of $262,040 plus interest, exemplary and punitive damages, and any other relief

the Court may deem just and proper.  *Id.*


    **f.  Procedural History**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                Date: June 29, 2012
                                               Page 5

---

The Court denied Defendants' motion to dismiss Plaintiff's causes of action for

breach of contract and declaratory relief. *MDT Tek v. Staffchex, Inc.*, SACV 11-1261-

DOC, 2012 U.S. Dist. LEXIS 6562, at *6 (C.D. Cal. Jan. 20, 2012). The Court granted

Defendants' motion to dismiss Plaintiff's cause of action for breach of covenant of good

faith and fair dealing with prejudice. *Id.* at *8. Furthermore, the Court denied

Defendants' motion to strike the choice of law provision and Plaintiff's request for 10%

legal interest rate for damages. *Id.* at *12. Finally, the Court denied Defendants'

alternative request for a more definite statement. *Id.*

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed

when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the

complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order

to survive a motion to dismiss). The pleadings must raise the right to relief beyond the

speculative level; a plaintiff must provide "more than labels and conclusions, and a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 6

---

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this

court accepts as true a plaintiff's well-pled factual allegations and construes all factual

inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire &*

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept

as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.


In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents

of the complaint and material properly submitted with the complaint.  *Clegg v. Cult*

*Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Under the incorporation

by reference doctrine, the court may also consider documents "whose contents are

alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).


A motion to dismiss under Rule 12(b)(6) can not be granted based upon an

affirmative defense unless that "defense raises no disputed issues of fact."  *Scott v.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                     Date: June 29, 2012
                                                   Page 7

---

*Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  For example, a motion to dismiss may

be granted based on an affirmative defense where the allegations in a complaint are

contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ.*

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In addition, a motion to dismiss may be

granted based upon an affirmative defense where the complaint's allegations, with all

inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is

apparent on the face of the complaint."  *Von Saher v. Norton Simon Museum of Art at*

*Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).


         Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice

of certain items without converting the motion to dismiss into one for summary

judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  The court may take

judicial notice of facts "not subject to reasonable dispute" because they are either: "(1)

generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably

be questioned."  Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689

(9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of

public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 8

---

The court may disregard allegations in a complaint that are contradicted by matters

properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998

(9th Cir. 2010).


Dismissal without leave to amend is appropriate only when the court is satisfied

that the deficiencies in the complaint could not possibly be cured by amendment.

*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even

if no request to amend was made).  Rule 15(a)(2) of the Federal Rules of Civil Procedure

states that leave to amend should be freely given "when justice so requires."  This policy

is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d

1074, 1079 (9th Cir. 1990).


**III.     Discussion**


The Court holds that Plaintiff has sufficiently alleged facts to bring a cause of

action for fraud.  The Court also finds that Defendants Garza and StaffChex Servicing

should not be dismissed and the Court may be allowed to pierce the corporate veil to hold

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                           Date: June 29, 2012
                                                         Page 9

Garza personally liable.  Furthermore, The Court denies Defendants' motion to strike

punitive damages.


Regarding the second cause of action for fraud, Defendants argue that: (1) Plaintiff

has not met the heightened standard of Rule 9(b); and (2) the statute of limitations to

bring an action for fraud has run because, had Plaintiff shown due diligence, the fraud

would have been readily discoverable. Mot. at 4, 6.


Regarding all claims, Defendants argue that Defendants StaffChex Servicing and

Garza should be dismissed from the matter.  *Id.* at 9.  Defendants argue that Defendant

StaffChex Servicing should be dismissed because it is dissolved.  *Id.*  Defendants also

argue that Defendant Garza should be dismissed because Plaintiff has not alleged

sufficient facts to pierce the corporate veil of StaffChex Servicing to hold Defendant

Garza personally liable for their acts. *Id.* at 7, 9.


Finally, regarding all claims, Defendants argue that punitive damages should be

stricken from Plaintiff's complaint because the Agreement explicitly proscribes

exemplary and punitive damages.  *Id* at 9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 10

---

a.  **Plaintiff Sufficiently Alleges Facts to Establish the Second Cause of**

**Action for Fraud**

i.  **Plaintiff's Factual Allegations Establish the Elements of**

**Fraud**

To allege fraud under Pennsylvania law[1], a plaintiff must show: (1) a

representation; (2) which is material to the transaction at hand; (3) made falsely, with

knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent

of misleading another into relying on it; (5) justifiable reliance on the misrepresentation;

and (6) the resulting injury was proximately caused by the reliance.  *Gibbs v. Ernst*, 647

A.2d 882, 888 (Pa. 1994).

Plaintiff sufficiently alleges facts to establish the elements of fraud.  First, Plaintiff

alleges that Defendants represented StaffChex Servicing as a viable and active California

company.  FAC ¶ 27.  Second, Plaintiff alleges that it entered into the service agreement

---

[1] The parties both analyze the complaint under Pennsylvania law pursuant to the choice of
law provision agreed upon in the Agreement.  *MDT Tek v. Staffchex, Inc.*, SA CV 11-
1261-DOC, 2012 U.S. Dist. LEXIS 6562, at *6 (C.D. Cal. Jan. 20, 2012); FAC Ex. B.
Furthermore, both parties do not oppose the application of the choice of law provision.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 11

---

in reliance on the assertion that StaffChex Servicing was a viable company.  *Id.* at ¶ 31.

Third, Defendants made the representation after filing a certificate of cancellation with

the State of California to dissolve and cease the company's operations; thus, Defendants

had knowledge of the falsity of the representation.  *Id.* at ¶ 30.  Fourth, Defendants

represented Defendant StaffChex Servicing's viability as a business in order to induce

Plaintiff to enter into the Agreement.  *Id.* at ¶ 30.  Fifth, Plaintiff relied on the

representation as true when entering into the Agreement and listing Defendant StaffChex

Servicing as a party to the Agreement.  *Id.* at ¶ 31; FAC Ex. B.  Furthermore, Defendant

Garza was the owner and CEO of both StaffChex, Inc. and StaffChex Servicing and had

previously conducted business with an executive of MDT.  Finally, because Plaintiff

entered into the Agreement, Plaintiff was damaged in the amount of $262,040 for the

unpaid subscription to Plaintiff's iLabor Network.  FAC ¶¶ 34-35.

### ii.  Plaintiff Meets the Heighted Standard of Rule 9(b)

When fraud is alleged, the complaint must satisfy a heightened standard codified

in Federal Rule of Procedure 9(b).  *Bd. of Trustees of Teamsters Local 863 Pension Fund*

*v. Foodtown, Inc.*, 296 F.3d 164, 173 n.10 (3d Cir. 2002); *U.S., ex. rel. FLFMC, LLC v.*

*William Bounds, Ltd.*, CIV.A. 10-420, 2010 WL 4788554, at *2 (W.D. Pa. 2010).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 12

According to Pennsylvania law, a heightened standard requires "precise allegations of date, time, or place" or including "precision and some measure of substantiation into their allegations of fraud." *Foodtown, Inc.*, 296 F.3d at 173 n.10.

Defendants argue that Plaintiff has not met the Rule 9(b) standard to plead claims involving fraud; however, Plaintiff alleges that on July 26, 2010, on behalf of Defendants StaffChex Servicing and StaffChex, Inc., Defendant Garza asserted to Plaintiff that StaffChex Servicing was a viable and operational company.  FAC ¶¶ 8-9; FAC Ex. B. Essentially, Plaintiff includes in its complaint the date and time of the fraudulent assertion as well as the specific content of the misrepresentation.  Thus, Plaintiff's allegation of fraud is adequately precise and substantiated to a sufficient degree.

### iii.  Plaintiff's Cause of Action for Fraud is Timely

The Pennsylvania statute of limitations for fraud restricts causes of action to two years.  42 Pa. Cons. Stat. Ann. § 5524 (West 2012).  However, according to the discovery doctrine, the statute of limitations is tolled until the plaintiff knew or, by due diligence, should have known about the injury arising from fraudulent misconduct.  *Urland v. Merrell-Dow Pharmaceuticals,* 822 F.2d 1268, 1271 (3d Cir.1987); *Bhatla v. Resort Dev. Corp.*, 720 F. Supp. 501, 512 (W.D. Pa. 1989).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 13

Because Defendants first made misrepresentations to Plaintiff on February 23,

2010, Defendants argue that that the statute of limitations for fraud is not timely since the

two-year window for action expired before the filing of the FAC on March 21, 2012.

Defendants further argue that Plaintiff failed to exercise due diligence to discover the

truth of Defendant StaffChex Servicing's cancellation during that time.  However,

Plaintiff did not know of the injury arising from the fraudulent misconduct and is not

required to show the exercise of due diligence to discover the injury during that period of

time.

In *EBS Litig. LLC v. Barclays Global Investors, N.A*., the Third Circuit reversed a

dismissal of a complaint and held that the plaintiff shareholders' third-party complaint

against the defendant company could be brought in spite of an expired statute of

limitations because the plaintiffs did not know of the falsity of the misrepresentation and

had no responsibility to show due diligence in discovering the misrepresentation.  *EBS*

*Litig. LLC v. Barclays Global Investors, N.A*., 304 F.3d 302, 305 (3d Cir. 2002).  On June

29, 1995, the defendant company gave shares of its stock to the individual plaintiffs and

asserted that it was in sound financial standing.  *Id.* at 304.  However, the company filed

for bankruptcy a few months later and the shares given to the plaintiffs were voidable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 14

transfers under federal statute.  *Id.*  The defendant brought action against the plaintiffs to

collect the shares on the theory of voidable transfer.  *Id.*  In response, on March 29, 2000,

the plaintiffs brought a counter-action for misrepresentation and breach of fiduciary duty.

*Id.*  Although the offenses had three-year statutes of limitations, the court held that the

statute was tolled because the plaintiffs had been assured of the defendant's financial

soundness and had no reason to believe the defendant's breached fiduciary duty until it

filed a disclosure statement in September 1997, in order to re-obtain the plaintiffs' shares.

*Id.* at 306.

      Like the defendant in *EBS*, Defendants asserted the financial soundness and

commercial viability of Defendant StaffChex Servicing.  On behalf of Defendant

StaffChex, Inc., and Defendant StaffChex Servicing, Defendant Garza made

representations of StaffChex Servicing's viability beginning on February 23, 2010.  FAC

¶ 9.  In *EBS*, the court decided to toll the statute of limitations until the defendant filed the

disclosure statement because the statement questioned the truthfulness of the defendant's

misrepresentation of financial stability.  Likewise, the statute of limitations for Plaintiff's

fraud claim is tolled until Defendants' payments stopped because only then did Plaintiff

have reason to believe Defendant StaffChex Servicing was not financially viable.

Because Defendant failed to make payments sometime after May 24, 2011, the statute of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                                          Page 15

---

limitations is tolled until then.  *Id.* at ¶12.  Thus, Plaintiff's fraud claim was made well

within the two-year statute of limitations for fraud.

Therefore, Defendants' motion to dismiss the second cause of action for fraud is

DENIED.

### b.  Defendants StaffChex Servicing and Garza Are Not Dismissed

Defendants argue that Defendants StaffChex Servicing and Garza should be

dismissed from the matter because Defendant StaffChex Servicing is dissolved and

Defendant Garza is not personally liable.

### i.  Defendant StaffChex Servicing is Not Dismissed Because It is a Party to the Agreement

Defendant StaffChex Servicing is not dismissed because it is a named party to the

Agreement for which Plaintiff brings its causes of action.  The Court has previously

denied Defendants' motion to dismiss Plaintiff's first cause of action for breach of

contract on this very ground.  *MDT Tek v. Staffchex, Inc.*, SACV 11-1261-DOC, 2012

U.S. Dist. LEXIS 6562, at *6 (C.D. Cal. Jan. 20, 2012).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 16

---

### ii.  Defendant Garza is Not Dismissed Because the Court May Pierce the Corporate Veil and Hold Garza Personally Liable

Defendant Garza is not dismissed because Garza may be held individually liable by piercing the corporate veil of StaffChex Servicing.  In piercing the corporate veil, a court disregards the existence of a corporate entity in order to hold an associated individual liable for the actions of the corporation.  *In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999); *see also E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 332 (3d Cir. 2000).  Thus, piercing the corporate veil is not a cause of action in and of itself, but rather, a means to enforce a remedy.

Under Pennsylvania law, for a court to pierce the corporate veil, a number of factors must be considered: (1) whether the corporation is grossly undercapitalized for its purposes; (2) failure to observe corporate formalities; (3) non-payment of dividends; (4) the insolvency of the debtor corporation at the time; (5) siphoning of funds of the corporation by the dominant stockholder; (6) non-functioning of other officers or directors; (7) absence of corporate records; and (8) the fact that the corporation is merely

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                  Page 17

---

a facade for the operations of the dominant stockholder or stockholders.  *United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981); *Trustees of Nat. Elevator Indus. Pension v. Lutyk*, 140 F. Supp. 2d 407, 412 (E.D. Pa. 2001).  Not all factors must be considered; identifying several factors is sufficient to pierce the corporate veil.  *Pisani*, 646 F.2d at 88.  Although there is a strong presumption against piercing the corporate veil and holding an individual liable, courts will do so when the corporate form is used to "defeat public convenience, justify wrong, protect fraud or defend crime."  *Good v. Holstein*, 787 A.2d 426, 430 (Pa. Super. Ct. 2001); *see First Realvest, Inc. v. Avery Builders, Inc.*, 600 A.2d 601, 604 (Pa. Super. Ct. 1991).

        In *Village of Camelback Property Owners Association, Inc., v. Carr*, the court reversed a demurrer and held that the defendant shareholder was liable for misrepresenting real estate developments to plaintiff association members because of an "intermingling of corporate and personal affairs."  *Village of Camelback Property Owners Ass'n, Inc., v. Village*, 538 A.2d 528, 535 (Pa. Super. Ct. 1988).  The defendant was the sole proprietor or prominent shareholder of a number of corporations that were involved in the development, marketing, and management of the property where the plaintiffs resided.  *Village*, 538 A.2d at 528.  The defendant made a number of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                                        Page 18

---

misrepresentations and promises to the plaintiffs about the development plans his

companies would supposedly maintain under warranty; however, many of the promises

never came to fruition.  *Id.* at 534.  The plaintiffs alleged that "the corporation was

insufficiently capitalized," that there was an "intermingling" of funds and interests

between corporation and individual, and that the defendant conducted business affairs as

an individual apart from the company.  *Id.*  The court held that the plaintiffs' alleged facts

were sufficient to pierce the corporate veil and hold the defendant liable for any resulting

damages.  *Id.* at 535; *see also Commonwealth, Department of Environmental Resources*

*v. Peggs Run Coal Co.*, 423 A.2d 765, 768-69 (Pa.Commw.Ct. 1980) (holding that

statements asserting "failure to adhere to corporate formalities . . . substantial

intertwining of personal and corporate affairs . . . undercapitalization, and the furthering

of personal interest" may constitute a legal basis for imposing liability on an individual);

*Fletcher-Harlee Corp. v. Szymanski*, 936 A.2d 87, 93 (Pa. Super. Ct. 2007).

        Defendants argue that Plaintiff has not pled sufficient facts to infer more than a

mere possibility that the corporate veil should be pierced.  However, like the plaintiffs in

*Village*, Plaintiff asserts that both StaffChex, Inc., and StaffChex Servicing were

undercapitalized by Defendant Garza.  FAC ¶ 41.  Like the promises made in *Village*,

Plaintiff also alleges that the interests between corporation and individual were

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 19

comingled, and the corporate form was used to perpetuate the fraudulent

misrepresentation of Defendant StaffChex Servicing's viability.  *Id.*  Moreover, Plaintiff

asserts that Defendant Garza was the CEO and owner of StaffChex, Inc., and StaffChex

Servicing, strengthening the unity of interest between corporation and individual.  *Id.* at ¶

40.  Furthermore, Defendants' fail to meet their burden by supporting accusations of

Plaintiff's factual insufficiency with relevant countervailing case law.


        Thus, Defendants' motion to dismiss the equitable remedy of piercing the

corporate veil and holding Defendant Garza individually liable is DENIED.



        **c.  Plaintiff's Request for Punitive Damages is Not Stricken From the**

             **Complaint**


        According to the Third Circuit, an exception to a contract's exculpatory clause

arises when a protected party intentionally causes harm or engages in recklessness or

gross negligence.  *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 530 F.3d 269, 274 (3d Cir.

2008).  Furthermore, under Pennsylvania law, a limitation of liability clause is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                    Date: June 29, 2012
                                                   Page 20

unenforceable when it removes the incentive for parties to perform with due care or if it

contravenes public policy. *Great N. Ins. Co. v. ADT Sec. Services, Inc.*, 517 F. Supp. 2d

723, 735 (W.D. Pa. 2007); *Valley Forge Convention & Visitors Bureau v. Visitor's*

*Services, Inc.*, 28 F. Supp. 2d 947, 950 (E.D. Pa. 1998). Likewise, California law states

that exemption from liability through an exculpatory clause is unenforceable on grounds

of public policy when the harm arises from intentionally or recklessly caused harm.

*Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999); 1 Witkin,

Summary 10th (2005) Contracts, § 659, p. 736.


        Defendants argue that the Agreement contains an exculpatory clause that explicitly

protects both parties from "punitive or exemplary damages" stemming from the

Agreement. FAC Ex. B. Defendants' motion to dismiss Plaintiff's fraud claim has been

denied; therefore, it is possible that Defendants had intent to harm since intentional

misrepresentation is an inherent element of fraud. If enforced, unilateral protection

against liability for intentional harm would completely dissolve a party's incentive to use

due care. Moreover, it would be an obvious assault on public policy, since such

protection would encourage parties to act irresponsibly and even maliciously towards

other contracting parties. Thus, if this Court applied either Pennsylvania or California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1261 DOC(RNBx)                         Date: June 29, 2012
                                                        Page 21

law, the Court may apply an exception to the exculpatory clause because Defendants

allegedly intentionally caused harm, making the clause unenforceable.


**IV.   Disposition**


    For the foregoing reasons, Defendants' motion to dismiss the second cause of

action for fraud is DENIED.  Likewise, Defendants' request to dismiss Defendant

StaffChex Servicing and Defendant Garza from the complaint is DENIED.  Specifically,

Defendants' motion to dismiss the equitable remedy of piercing the corporate veil to hold

Defendant Garza personally liable is DENIED.  Finally, the Defendants' request to strike

punitive damages from the complaint is DENIED.